IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIDGET PARSON a/k/a BRIDGET BROWN PARSON, | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:21-cv-2423-M-BN |
| MICHELLE V. LARSON, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Bridget Parson was the debtor in a bankruptcy case she filed *pro se* that was before United States Bankruptcy Judge Michelle V. Larson but now has been dismissed with prejudice for Parson's abuse of the Bankruptcy Code. *See In re Parson*, No. 21-30982-mvl13 (Bankr. N.D. Tex. Sept. 29, 2021). Parson, again proceeding *pro se*, now requests that this Court issue a writ of mandamus to Judge Larson directing her to stop ruling adversely to Parson. *See* Dkt. No. 5. Because Parson also moves for leave to proceed *in forma pauperis*, *see* Dkt. No. 4, Chief Judge Barbara M. G. Lynn referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The federal mandamus statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

But a court, even a federal court, is not considered an "agency" under the mandamus statute:

> A court is not an officer, employee or agency of the United States against whom a writ of mandamus under § 1361 may be issued. *See Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970) (Harlan, J. concurring) ("The District Court mandamus statute, § 1361, extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."); *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) ("in enacting § 1361 ... , Congress was thinking solely in terms of the executive branch"). Although the Fifth Circuit Court of Appeals does not appear to have specifically addressed this issue, other circuits and courts have found that district courts lack jurisdiction to issue writs of mandamus to other courts, whether higher or equal.

*Whaley v. U.S. Court of Appeals Fifth Circuit/Office of Clerk*, No. 3:18-cv-2816-C-BH, 2018 WL 7118009, at *3 (N.D. Tex. Dec. 31, 2018) (collecting cases), *rec. adopted*, 2019 WL 319579 (N.D. Tex. Jan. 23, 2019).

Even so, "[a] district court lacks authority to issue a writ of mandamus to another district court," *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

That is, as applied here, Parson may not seek mandamus relief to collaterally attack Judge Larson's rulings in the underlying bankruptcy proceeding in this Court where those rulings may be appealed to a United States district judge and to the United States Court of Appeals for the Fifth Circuit. *See Mullis*, 828 F.2d at 1392-93 ("To allow a district court to grant injunctive relief against a bankruptcy court or the district court in the underlying bankruptcy case would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court. Such collateral attacks on the

judgments, orders, decrees or decisions of federal courts are improper." (footnotes and citations omitted)); *In re Tia*, Civ. No. 12-00496 JMS/KSC, 2012 WL 3985736, at *3 (D. Haw. Sept. 10, 2012) ("To the extent that Tia asks the undersigned to overrule the decisions made by other federal district court judges, this court lacks authority to do so. In the context of one court issuing a writ of mandamus to another court, the writ may be issued only by a superior court, that is, by an appellate court, to direct an inferior court to act in some manner. For this court to grant a writ of mandamus here, finding that other district judges ruled incorrectly, 'would be to permit, in effect, a "horizontal appeal" from one district court to another or even a "reverse review" of a ruling of the court of appeals by a district court.' Again, Tia has another adequate judicial form of relief – he may appeal any decision with which he disagrees to the Ninth Circuit Court of Appeals." (citations omitted)); *cf. Nickerson v. Dretke*, No. Civ. A. H-05-2398, 2005 WL 1828569, at *1 (S.D. Tex. July 29, 2005) ("Petitioner may not attack a judgment in another lawsuit in this Court or raise issues concerning another lawsuit, especially not in a habeas corpus petition under 28 U.S.C. § 2254." (citing *Mitchell v. McBryde*, 944 F.2d 229, 231 (5th Cir. 1991); *Mason v. Judges of the U.S. Court of Appeals*, 952 F.2d 423, 426 (D.C. Cir. 1991); *Mullis*, 828 F.2d at 1392-93)).

The Court therefore lacks jurisdiction over this action.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 6, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE